1   TODD M. LANDER (BAR NO. 173031)          "MANDATORY CHAMBERS COPY"
    todd.lander@ffslaw.com
2   PENNY M. COSTA (BAR NO. 110373)
    penny.costa@ffslaw.com
3   FREEMAN, FREEMAN & SMILEY, LLP
    1888 Century Park East, Suite 1900
4   Los Angeles, California 90067
    Telephone:  (310) 255-6100          NOTE CHANGES MADE BY THE COURT
5   Facsimile:  (310) 255-6200

6   Attorneys for Defendant and Third-Party
    Plaintiff BURLINGTON COAT
7   FACTORY DIRECT CORPORATION

8                 UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  UNICOLORS, INC., a California           Case No. 2:17-cv-02744-SVW-AGR
    Corporation,
12                                          [PROPOSED] STIPULATED
              Plaintiff,                    PROTECTIVE ORDER
13
14  vs.                                     Judge:  Hon. Stephen V. Wilson

15  COTTON EXPRESS CORPORATION,
    a New Jersey Corporation; 10 SPOT OF
16  KEARNY, LLC, a New Jersey Limited
    Liability Company; BURLINGTON
17  COAT FACTORY DIRECT
    CORPORATION, a New Jersey            Action Filed:  April 11, 2017
    Corporation; and DOES 1-10, inclusive,  Trial Date:    November 7, 2017
18
              Defendants.
19
20  AND RELATED THIRD-PARTY              NOTE CHANGES MADE BY THE COURT
    CLAIM.
21

22

23  1.    A.    PURPOSES AND LIMITATIONS

24        Discovery in this action is likely to involve production of confidential,

25  proprietary, or private information for which special protection from public

26  disclosure and from use for any purpose other than prosecuting this litigation may

27  be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

28  enter the following Stipulated Protective Order. The parties acknowledge that this

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  Order does not confer blanket protections on all disclosures or responses to

2  discovery and that the protection it affords from public disclosure and use extends

3  only to the limited information or items that are entitled to confidential treatment

4  under the applicable legal principles. The parties further acknowledge, as set forth in

5  Section 12.3, below, that this Stipulated Protective Order does not entitle them to

6  file confidential information under seal; Civil Local Rule 79-5 sets forth the

7  procedures that must be followed and the standards that will be applied when a party

8  seeks permission from the court to file material under seal.

9      B.   GOOD CAUSE STATEMENT

10      This action is likely to involve trade secrets, customer and pricing lists and

11  other valuable research, development, commercial, financial, technical and/or

12  proprietary information for which special protection from public disclosure and from

13  use for any purpose other than prosecution of this action is warranted. Such

14  confidential and proprietary materials and information consist of, among other things,

15  confidential business or financial information, information regarding purchase and

16  sale prices of fabric or garments by suppliers, manufacturers, importers, distributors

17  or fashion retailers, information regarding confidential business practices, or other

18  confidential research, development, or commercial information regarding the

19  creation, purchase or sale of graphics used on textiles and garments, or other

20  confidential commercial information (including information implicating privacy

21  rights of third parties), information generally unavailable to the public, or which may

22  be privileged or otherwise protected from disclosure under state or federal statutes,

23  court rules, case decisions, or common law. Accordingly, to expedite the flow of

24  information, to facilitate the prompt resolution of disputes over confidentiality of

25  discovery materials, to adequately protect information the parties are entitled to keep

26  confidential, to ensure that the parties are permitted reasonable necessary uses of

27  such material in preparation for and in the conduct of trial, to address their handling

28  at the end of the litigation, and serve the ends of justice, a protective order for such

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

2

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  information is justified in this matter. It is the intent of the parties and the Court that

2  information will not be designated as confidential for tactical reasons and that

3  nothing shall be so designated without a good faith belief that it has been maintained

4  in a confidential, non-public manner, and there is good cause why it should not be

5  part of the public record of this case.

6      Examples of confidential information that the parties may seek to protect

7  from unrestricted or unprotected disclosure include:

8      (a)    Information that is the subject of a non-disclosure or

9  confidentiality agreement or obligation;

10      (b)    The names, or other information tending to reveal the identity of

11  a party's supplier, designer, distributor, or customer;

12      (c)    Agreements with third-parties, including license agreements,

13  distributor agreements, manufacturing agreements, design agreements, development

14  agreements, supply agreements, sales agreements, or service agreements;

15      (d)    Research and development information;

16      (e)    Proprietary engineering or technical information, including

17  product design, manufacturing techniques, processing information, drawings,

18  memoranda and reports;

19      (f)    Information related to budgets, sales, profits, costs, margins,

20  licensing of technology or designs, product pricing, or other internal

21  financial/accounting information, including non-public information related to

22  financial condition or performance and income or other non-public tax information;

23      (g)    Information related to internal operations including personnel

24  information;

25      (h)    Information related to past, current and future product

26  development;

27      (i)    Information related to past, current and future market analyses

28  and business and marketing development, including plans, strategies, forecasts and

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1 competition; and

2      (j)   Trade secrets (as defined by the jurisdiction in which the

3 information is located).

4      Unrestricted or unprotected disclosure of such confidential technical,

5 commercial or personal information would result in prejudice or harm to the

6 producing party by revealing the producing party's competitive confidential

7 information, which has been developed at the expense of the producing party and

8 which represents valuable tangible and intangible assets of that party. Additionally,

9 privacy interests must be safeguarded. Accordingly, the parties respectfully submit

10 that there is good cause for the entry of this Protective Order.

11      The parties agree, subject to the Court's approval, that the following terms

12 and conditions shall apply to this civil action.

13 2.   <u>DEFINITIONS</u>

14      2.1   <u>Action</u>: This pending federal law suit entitled *Unicolors, Inc. v. Cotton*

15 *Express Corp., et al.* (and related Thirty-Party Claim), Case No. 2:17-cv-02744-

16 SVW-AGR.

17      2.2   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation

18 of information or items under this Order.

19      2.3   <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as

20 their support staff).

21      2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or

22 items that it produces in disclosures or in responses to discovery as

23 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24 ONLY".

25      2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless

26 of the medium or manner in which it is generated, stored, or maintained (including,

27 among other things, testimony, transcripts, and tangible things), that are produced or

28 generated in disclosures or responses to discovery in this matter.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1    2.6    Expert: a person with specialized knowledge or experience in a matter

2   pertinent to the litigation who has been retained by a Party or its counsel to serve as

3   an expert witness or as a consultant in this Action. This definition includes a

4   professional jury or trial consultant retained in connection with this litigation. The

5   expert witness or consultant may not be a past or a current employee of the Party

6   (including any affiliates or related entities) adverse to the Party engaging the expert

7   witness or consultant or someone who at the time of retention is anticipated to

8   become an employee of the Party (including any affiliates or related entities)

9   adverse to the Party engaging the expert witness or consultant.

10    2.7    House Counsel: attorneys who are employees of a party to this Action.

11   House Counsel does not include Outside Counsel of Record or any other outside

12   counsel.

13    2.8    Non-Party: any natural person, partnership, corporation, association, or

14   other legal entity not named as a Party to this action.

15    2.9    Outside Counsel of Record: attorneys who are not employees of a Party

16   to this Action but are retained to represent or advise a Party to this Action and have

17   appeared in this Action on behalf of that Party or are affiliated with a law firm

18   which has appeared on behalf of that Party, and includes support staff.

19    2.10    Party: any party to this Action, including all of its officers, directors,

20   employees, consultants, retained experts, and Outside Counsel of Record (and their

21   support staffs).

22    2.11    Producing Party: a Party or Non-Party that produces Disclosure or

23   Discovery Material in this Action.

24    2.12    Professional Vendors: persons or entities that provide litigation support

25   services (e.g., photocopying, videotaping, translating, preparing exhibits or

26   demonstrations, and organizing, storing, or retrieving data in any form or medium)

27   and their employees and subcontractors.

28   / / /

2.13    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.14    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.15    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>: any Disclosure or Discovery Material or such portion of such material that the Designating Party has a reasonable belief that the information disclosed, if known to one or more Parties in the case, would have a reasonable chance of putting the Designating Party to a competitive disadvantage or otherwise result in the disclosure of sensitive proprietary information that could cause future harm. Notwithstanding the terms of this agreement, Plaintiff's attorney is entitled to disclose to Plaintiff the total revenue and gross profit data disclosed in this action, as well as the names of any Parties responsible for distributing the infringing product at issue, or any components of said product.

2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

/ / /

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

4. **DURATION**

Even after the final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the latter of (1) dismissal of all claims and defenses in this Action, with or without prejudice, (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Designating Party's counsel shall make a good faith determination that the information warrants such protection.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

/ / /

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes originals or copies of documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which documents or materials it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   in the margins) and must specify, for each portion, the level of protection being

2   asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

3   ATTORNEYS' EYES ONLY").

4          (b)    for testimony given in depositions or in other pretrial or trial

5   proceedings, that the Designating Party or Non-Party offering or sponsoring the

6   testimony shall identify the Disclosure or Discovery Material on the record, before

7   the close of the deposition, hearing or other proceeding, or within 21 days after

8   receiving the transcript of the deposition or other testimony, and further, specify any

9   portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY".  During the 21 day period,

11  counsel for the Parties shall treat the entire testimony and transcript as if it had been

12  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

13         Pages of transcribed deposition or other testimony or exhibits to such

14  testimony that reveal Protected Material must be separately bound by the court

15  reporter, who must affix to the top of each such page the legend

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17  ONLY", as instructed by the Party or Non-Party offering or sponsoring the witness

18  or presenting the testimony, and may not be disclosed to anyone except as permitted

19  under this Stipulated Protective Order. Where testimony is designated during a

20  deposition, the Designating Party shall have the right to exclude, at those portion(s)

21  of the deposition, all persons not authorized by the terms of this Order to receive

22  such designated material.

23         (c)    for information produced in some form other than documentary

24  and for any other tangible items, that the Producing Party affix in a prominent place

25  on the exterior of the container or containers in which the information is stored the

26  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

27  EYES ONLY".  If only a portion or portions of the information warrants protection,

28  the Producing Party, to the extent practicable, shall identify the protected portion(s),

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1    specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY

2    CONFIDENTIAL – ATTORNEYS' EYES ONLY".

3        5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

4    failure to designate qualified information or items as "CONFIDENTIAL" or

5    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing

6    alone, waive the Designating Party's right to secure protection under this Order for

7    such material. Upon timely correction of a designation, the Receiving Party must

8    make reasonable efforts to assure that the material is treated in accordance with the

9    provisions of this Order.

10   6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

11        6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

12    designation of confidentiality at any time that is consistent with the Court's

13    Scheduling Order.

14        6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute

15    resolution process in good faith under Local Rule 37.1 et seq. A Challenging Party

16    may proceed to the next stage of the challenge process only if it has engaged in the

17    meet-and-confer process first.

18        6.3    <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a

19    joint stipulation pursuant to Local Rule 37-2.

20        6.4    <u>The burden of persuasion in any such challenge proceeding shall be on</u>

21    <u>the Designating Party</u>. Frivolous challenges, and those made for an improper

22    purpose (e.g., to harass or impose unnecessary expenses and burdens on other

23    parties) may expose the Challenging Party to sanctions. Unless the Designating

24    Party has waived or withdrawn the confidentiality designation, all parties shall

25    continue to afford the material in question the level of protection to which it is

26    entitled under the Producing Party's designation until the Court rules on the

27    challenge.

28    / / /

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Other employees of the Receiving Party to whom disclosure is reasonably necessary for this Action and who are bound by internal confidentiality obligations as part of their employment or who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the

1   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2         (e)    the Court and its personnel;

3         (f)    court reporters and their staff;

4         (g)    professional jury or trial consultants, mock jurors, and

5   Professional Vendors to whom disclosure is reasonably necessary for this Action

6   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

7   A);

8         (h)    the author or recipient of a document containing the information

9   or a custodian or other person who otherwise possessed or knew the information;

10         (i)    during their depositions, witnesses, and attorneys for witnesses,

11   in the Action to whom disclosure is reasonably necessary provided: (1) the deposing

12   party requests that the witness sign the "Acknowledgment and Agreement to Be

13   Bound" attached as Exhibit A hereto; and (2) they will not be permitted to keep any

14   confidential information unless they sign the "Acknowledgment and Agreement to

15   Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered

16   by the Court. Pages of transcribed deposition testimony or exhibits to depositions

17   that reveal Protected Material shall be separately bound by the court reporter and

18   may not be disclosed to anyone except as permitted under this Stipulated Protective

19   Order; and

20         (j)    any mediator or settlement officer, and their supporting

21   personnel, mutually agreed upon by any of the parties engaged in settlement

22   discussions.

23       7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24   ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in

25   writing by the Designating Party, a Receiving Party may disclose any information or

26   item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only

27   to:

28         (a)    the Receiving Party's Outside Counsel of Record, as well as

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1    employees of said outside counsel to whom it is reasonably necessary to disclose the

2    information for this Action;

3                (b)    Experts (as defined in this Order) of the Receiving Party to

4    whom disclosure is reasonably necessary for this Action and who have signed the

5    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6                (c)    the Court and its personnel assigned to this Action;

7                (d)    court reporters, their staffs, and Professional Vendors to whom

8    disclosure is reasonably necessary for this Action and who have signed the

9    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10                (e)    the author or recipient of a document containing the information

11    or the original source of the information; and

12                (f)    any mediator or settlement officer, and their supporting

13    personnel, mutually agreed upon by any of the parties engaged in settlement

14    discussions.

15    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

16          IN OTHER LITIGATION

17          If a Party is served with a subpoena or a court order issued in other litigation

18    that compels disclosure of any information or items designated in this Action as

19    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

20    ONLY", that Party must:

21                (a)    promptly notify in writing the Designating Party. Such

22    notification shall be given within 5 business days after receiving the subpoena or

23    order and shall include a copy of the subpoena or court order;

24                (b)    promptly notify in writing the party who caused the subpoena or

25    order to issue in the other litigation that some or all of the material covered by the

26    subpoena or order is subject to this Protective Order.  Such notification shall include

27    a copy of this Stipulated Protective Order; and

28    / / /

1    (c)    cooperate with respect to all reasonable procedures sought to be

2  pursued by the Designating Party whose Protected Material may be affected.

3    If the Designating Party timely seeks a protective order, the Party served with

4  the subpoena or court order shall not produce any information designated in this

5  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

6  EYES ONLY" before a determination by the court from which the subpoena or

7  order issued, unless the Party has obtained the Designating Party's permission. The

8  Designating Party shall bear the burden and expense of seeking protection in that

9  court of its confidential material and nothing in these provisions should be construed

10  as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

11  directive from another court.

12  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

13    PRODUCED IN THIS LITIGATION

14    (a)    The terms of this Order are applicable to information produced

15  by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

16  CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by

17  Non-Parties in connection with this litigation is protected by the remedies and relief

18  provided by this Order. Nothing in these provisions should be construed as

19  prohibiting a Non-Party from seeking additional protections.

20    (b)    In the event that a Party is required, by a valid discovery request,

21  to produce a Non-Party's confidential information in its possession, and the Party is

22  subject to an agreement with the Non-Party not to produce the Non-Party's

23  confidential information, then the Party shall:

24    (1)    promptly notify in writing the Requesting Party and the

25  Non-Party that some or all of the information requested is subject to a

26  confidentiality agreement with a Non-Party;

27    (2)    promptly provide the Non-Party with a copy of the

28  Stipulated Protective Order in this Action, the relevant discovery request(s), and a

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1    reasonably specific description of the information requested; and

2                    (3)    make the information requested available for inspection by

3    the Non-Party, if requested.

4                    (c)    If the Non-Party fails to seek a protective order from this Court

5    within 14 days of receiving the notice and accompanying information, the Receiving

6    Party may produce the Non-Party's confidential information responsive to the

7    discovery request. If the Non-Party timely seeks a protective order, the Receiving

8    Party shall not produce any information in its possession or control that is subject to

9    the confidentiality agreement with the Non-Party before a determination by the

10   Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and

11   expense of seeking protection in this Court of its Protected Material.

12   10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

14   Protected Material to any person or in any circumstance not authorized under this

15   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

16   writing the Designating Party of the unauthorized disclosures; (b) use its best efforts

17   to retrieve all unauthorized copies of the Protected Material; (c) inform the person or

18   persons to whom unauthorized disclosures were made of all the terms of this Order;

19   and (d) request such person or persons to execute the "Acknowledgment and

20   Agreement to Be Bound" that is attached hereto as Exhibit A.

21   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

22          PROTECTED MATERIAL

23          When a Producing Party gives notice to Receiving Parties that certain

24   inadvertently produced material is subject to a claim of privilege or other protection,

25   and that such material was inadvertently produced without the appropriate

26   Confidentiality designation, the obligations of the Receiving Parties are those set

27   forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended

28   to modify whatever procedure may be established in an e-discovery order that

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  provides for production without prior privilege review. Pursuant to Federal Rule of

2  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of

3  disclosure of a communication or information covered by the attorney-client

4  privilege or work product protection, the parties may incorporate their agreement in

5  the stipulated protective order submitted to the Court.

6  12.    MISCELLANEOUS

7       12.1    Right to Further Relief. Nothing in this Order abridges the right of any

8  person to seek its modification by the Court in the future. The Parties agree to meet

9  and confer prior to seeking to modify this Order for any reason.

10       12.2    Right to Assert Other Objections. By stipulating to the entry of this

11  Protective Order no Party waives any right it otherwise would have to object to

12  disclosing or producing any information or item on any ground not addressed in this

13  Stipulated Protective Order. Similarly, no Party waives any right to object on any

14  ground to use in evidence of any of the material covered by this Protective Order.

15       12.3    Filing Protected Material. A Party that seeks to file under seal any

16  Protected Material must comply with Civil Local Rule 79-5. Protected Material may

17  only be filed under seal pursuant to a court order authorizing the sealing of the

18  specific Protected Material at issue. If a Party's request to file Protected Material

19  under seal is denied by the Court, then the Receiving Party may file the information

20  in the public record unless otherwise instructed by the Court.

21  13.    FINAL DISPOSITION

22       After the final disposition of this Action, as defined in paragraph 4, within 60

23  days of a written request by the Designating Party, each Receiving Party must return

24  all Protected Material to the Producing Party or destroy such material. As used in

25  this subdivision, "all Protected Material" includes all copies, extracts, abstracts,

26  compilations, summaries, and any other format reproducing or capturing any of the

27  Protected Material. Whether the Protected Material is returned or destroyed, the

28  Receiving Party must submit a written certification to the Producing Party (and, if

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   not the same person or entity, to the Designating Party) by the 60 day deadline that

2   (1) identifies (by category, where appropriate) all the Protected Material that was

3   returned or destroyed and (2) affirms that the Receiving Party has not retained any

4   copies, extracts, abstracts, compilations, summaries or any other format reproducing

5   or capturing any of the Protected Material. Notwithstanding this provision, Counsel

6   are entitled to retain an archival copy of all pleadings, motion papers, trial,

7   deposition, and hearing transcripts, legal memoranda, correspondence, deposition

8   and trial exhibits, expert reports, attorney work product, and consultant and expert

9   work product, even if such materials contain Protected Material. Any such archival

10  copies that contain or constitute Protected Material remain subject to this Protective

11  Order as set forth in Section 4 ("DURATION").

12  14.   **VIOLATION.**  Any violation of this Order may be punished by any and all

13  appropriate measures including, without limitation, contempt proceedings and/or

14  monetary sanctions.

15  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16

17  DATED: September 6, 2017          JEONG & LIKENS, L.C.

18

19                                   By:     _/ s / C. Yong Jeong_
20                                       C. YONG JEONG
21                                       Attorneys for Plaintiff
                                         UNICOLORS, INC.
22

23  DATED: September 6, 2017          FREEMAN, FREEMAN & SMILEY, LLP

24

25                                   By:     _/ s / Todd M. Lander_
                                         TODD M. LANDER
26                                       Attorneys for Defendant and Third-Party
                                         Plaintiff BURLINGTON COAT
27                                       FACTORY DIRECT CORPORATION

28

1

DATED: September 6, 2017          THE LAW OFFICE OF KEVIN M. WELCH

2

3

4          By:      / s / Kevin M. Welch

KEVIN M. WELCH
5          Attorneys for Defendant
6          COTTON EXPRESS CORPORATION
and Third-Party Defendant WINGS
7          MANUFACTURING CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

3543412.1 26062-832

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   I hereby attest that all signatories listed above, on whose behalf this notice is

2   being submitted, concur in the filing's content and have authorized the filing.

3   DATED: September 6, 2017          FREEMAN, FREEMAN & SMILEY, LLP

4

5                                    By:    /s/ Penny M. Costa

6                                           PENNY M. COSTA

7                                           Attorneys for Defendant and Third-Party
                                            Plaintiff BURLINGTON COAT
8                                           FACTORY DIRECT CORPORATION

9

10  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

11

12  DATED:   9/20/2017

13  Alicia G. Rosenberg

14  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
    Honorable Stephen V. Wilson
15  United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Central District of

California on [ date ] in the case of *Unicolors, Inc. v. Cotton Express Corporation,*

*et al.*, 2:17-cv-02744-SVW-AGR. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [print

or type full name] of _____ [print or type full address

and telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1900
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

3543412.1 26062-832